IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-0104-01-CR-W-ODS |
| ) | |
| LLOYD L. ROACH, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO SUPPRESS

On September 4, 2008, the Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri, issued her Report and Recommendation recommending that Defendant's Motion to Suppress Evidence (Doc. # 24) be denied. Defendant filed timely objections. Upon de novo review of the Record, the Court is persuaded that the Report's conclusions and resulting recommendation are correct.

The Report is detailed and thorough, so little needs to be added. Defendant first contends that the initial stop of Defendant's vehicle was unlawful because Officer Vangilder did not have a reasonable suspicion that Defendant had violated the law. Second, Defendant argues that the search of Defendant's automobile was unlawful because Defendant was not arrested, and therefore, the search incident to arrest exception to the warrant requirement did not apply. The Court overrules Defendant's objections and adopts the Report as the Order of the Court.

The Court finds that the evidence presented at the suppression hearing shows that Defendant was stopped for failing to signal while pulling away from the curb. Officer Vangilder's testimony that Defendant failed to signal was credible. Likewise, Defendant admitted that he did not signal in his post-arrest statement. The Court further finds that Defendant's failure to signal when pulling onto the roadway from a parked position on the curb was a violation of Section 70-454 of the Code of Ordinances, City of Kansas City, Missouri. Therefore, the initial stop of Defendant's

vehicle was lawful.  See e.g., United States v. Lyons, 486 F.3d 367, 371 (8th Cir. 2007) ("It is well established that a traffic violation-however minor-creates probable cause to stop the driver of a vehicle.").

      The evidence presented at the suppression hearing also shows that after Defendant was stopped, he advised Officer Vangilder that he did not have a driver's license.  Officer Vangilder testified that he has the authority to arrest a person for driving without a license, and that he did in fact arrest Defendant.  The Court finds Officer Vangilder's testimony credible.  Defendant argues that Officer Vangilder had no authority to arrest him because he issued Defendant citations with "signature bonds."  However, the evidence presented at the suppression hearing clearly shows that Defendant was not merely ticketed and then released on his own recognizance.  Rather, Defendant was arrested for driving with a suspended license.  The Court finds that Officer Vangilder had probable cause to arrest Defendant; therefore, the subsequent search of Defendant's vehicle was permissible as a search incident to arrest.  See United States v. Chauncey, 420 F.3d 864, 872 (8th Cir. 2005) (defendant's offense of driving without a license justified arrest and search incident to arrest).  Accordingly, Judge Hays' Report and Recommendation is adopted as the Order of the Court, and Defendant's Motion to Suppress is denied.

IT IS SO ORDERED.


DATE: October 6, 2008

/s/ Ortrie D. Smith  
ORTRIE D. SMITH, JUDGE  
UNITED STATES DISTRICT COURT